## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| | ) | |
| JER CREATIVE FOOD CONCEPTS, INC. | ) | |
| d/b/a GOLDEN SELECT FOODS | ) | |
| COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | JURY DEMANDED |
| ERIE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff, JER Creative Food Concepts, Inc. d/b/a Golden Select Foods Company ("Golden Select"), through its attorneys, David B. Goodman, Kalli K. Nies, Michael J. Hutcherson and Goodman Law Group | Chicago, *of counsel* hereby files the following Complaint against Defendant, Erie Insurance Company ("Erie Insurance"), and in support thereof alleges as follows:

## NATURE OF THE ACTION

1. Golden Select brings this action to enforce its rights as an additional insured under a commercial general liability policy issued by Erie Insurance as Policy Number Q610093385 (the "Policy"). A true and correct copy of the Policy is attached as **Exhibit 1**.

2. Golden Select is an additional insured under the Policy.

3. On August 21, 2024 Golden Select tendered the defense and sought indemnification for a claim to Erie in connection with a claim asserted against it by EMPWR Nutrition Group ("EMPWR") (the "Claim"). Erie Insurance denied the Claim in a letter dated November 8, 2024.

4. This lawsuit is brought to recover the defense costs and costs of settlement incurred by Golden Select as a result of Erie Insurance's breach of the Policy. In particular, Erie Insurance

breached its contractual obligations under the Policy by failing to indemnify Golden Select for the defense costs and settlement of a claim that falls squarely within the coverage afforded by the Policy and that was derivative of the actions of Sweet Solutions, LLC ("Sweet Solutions"), the named insured under the Policy.

5. Additionally, this lawsuit is brought to obtain relief pursuant to Section 155 of the Illinois Insurance Code due to Erie Insurance's contumacious and vexatious disregard for Golden Select's rights under the Policy.

## THE PARTIES

6. Golden Select is a California corporation with its principal place of business in Commerce, California. Consequently, Golden Select is a citizen of the State of California.

7. Erie Insurance is a Pennsylvania corporation with its principal place of business in Erie, Pennsylvania. Consequently, Erie Insurance is a citizen of the Commonwealth of Pennsylvania and the State of Illinois.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between Plaintiff Golden Select, which is a citizen of the State of California, and Defendant Erie Insurance, which is a citizen of the Commonwealth of Pennsylvania and the State of Illinois. Further, the amount in controversy, exclusive of interest and costs, exceeds $75,000.

9. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims that are the subject of this litigation occurred within this judicial district. This dispute concerns an insurance contract that was negotiated in Illinois, delivered to Sweet Solutions at its office in Plainfield, Illinois, and

2

relates to the contamination of caramel that occurred at Sweet Solution's manufacturing and packaging plant located in Plainfield, Illinois.

## FACTS COMMON TO ALL COUNTS

10. Golden Select develops formulas for syrups and other binders used in nutrition bars and bakery fillings. Golden Select provides the formula, raw material, and equipment to a subcontractor, and the subcontractor manufactures, packs, and ships the product to the end user.

11. Golden Select entered into a Packing Agreement with Sweet Solutions on August 12, 2022, in which Sweet Solutions agreed to manufacture and pack industrial foods produced by Sweet Solutions with Golden Select's formula, raw material, and equipment. A true and correct copy of the Packing Agreement is attached as **Exhibit 2**.

12. Pursuant to the Packing Agreement, Sweet Solutions agreed to defend and indemnify Golden Select from any and all claims arising out of Sweet Solutions' preparation, manufacturing, processing, packing, or handling of Golden Select's supplies and products.

13. On February 6, 2024, Sweet Solutions contaminated a batch of Golden Select's products during the manufacturing process. While fulfilling an order for caramel on behalf of Golden Select, a piece of plastic lining from a bag of soluble corn fiber fell into a mixing kettle when the bag was emptied into the kettle.

14. Although Sweet Solutions was aware of the presence of plastic in the caramel, Sweet Solutions packaged and shipped the contaminated caramel to EMPWR, a manufacturer of nutrition bars.

15. EMPWR began using the contaminated caramel in its manufacturing process before it discovered the presence of plastic in the caramel. On March 12, 2024, EMPWR asserted a claim against Golden Select for the loss of a batch of its product, the balance of the unused caramel, and

3

lost packaging. A true and correct copy of EMPWR's claim against Golden Select is attached as **Exhibit 3**.

16.     Golden Select, acting through its insurer Hanover Insurance Group, Inc. ("Hanover Insurance"), tendered its defense and indemnity of EMPWR's claim to Erie Insurance on August 21, 2024, claiming liability coverage as an additional insured under the Policy. In the letter, Golden Select asserted that Sweet Solutions owes defense and indemnity to Golden Select pursuant to the Packing Agreement.

17.     Erie Insurance issued a denial letter under the Food Contamination and Business Property provision on a first party basis, but did not deny coverage of the Claim under the General Commercial Liability provision in a letter dated November 8, 2024. Rather, Erie Insurance stated in the letter that "Erie Insurance is currently conducting a liability investigation of this loss."

18.     Erie Insurance did not issue a denial letter to Golden Select under the CGL policy following the tender of the claim by Hanover to Erie Insurance.

19.     In order to avoid the expense of litigation, based on Erie Insurance's denial of the Claim, Golden Select settled EMPWR's claim on November 25, 2024 in the amount of $255,000.

20.     On October 28, 2025, Golden Select issued a demand to Erie Insurance notifying Erie Insurance of its settlement of EMPWR's claim and again demanding indemnification pursuant to the Policy. Golden Select noted in its letter that Erie Insurance had ignored the coverage afforded under the General Commercial Liability provision in denying its Claim in the letter dated November 8, 2024 and demanded coverage under that provision.

21.     On December 3, 2025, after having received no response to its letter, counsel for Golden Select sent an email to a claims specialist at Erie Insurance. The claims specialist stated in an email, "There is no coverage under the CGL for the named insured. Thus, no Additional insured

4

coverage either." To date, Erie Insurance has not issued a coverage determination letter to Golden Select.

### A. Applicable Terms of the Policy

22.     Erie Insurance issued the Policy to Sweet Solutions in Plainfield, Illinois, providing coverage for risks associated with operating its manufacturing and packaging plant.

23.     The Policy covers the period from April 25, 2023, through April 25, 2024.

24.     Golden Select is an additional insured under the Policy.

25.     The Policy provides coverage for liabilities assumed by Sweet Solutions under an "insured contract." The Policy states, "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies," including damages "[a]ssumed in a contract or agreement that is an 'insured contract.'" *See* Ex. 1 at 7 – 8 (Section I, Coverage A, Paragraphs 1(a) and 2(b)(2)).

26.     The Policy defines "Insured contract" to include "That part of any other contract or agreement pertaining to your business...under which [Sweet Solutions] assume[s] the tort liability of another party to pay for 'bodily injury' or 'property damage' to a third person or organization." *See* Ex. 1 at 18 (Section V, Paragraph 9(f)).

27.     The Policy defines "Property damage" as "Loss of use of tangible property that is not physically injured." *See* Ex. 1 at 20 (Section V, Paragraph 17(b)).

28.     The Policy specifies that each insured party is treated as having its own coverage. Under the heading "Separation of Insureds," the Policy states, "this insurance applies (a) As if each Named Insured were the only Named Insured; and (b) Separately to each insured against whom claim is made or 'suit' is brought." *See* Ex. 1 at 17 (Section IV, Paragraph 7).

**COUNT I**

29. Golden Select repeats and realleges the allegations in paragraphs 1 through 28 as the allegations of this paragraph 28.

30. The Policy provides coverage under the Commercial General Liability provision for "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies," including liability for damages "assumed in a contract or agreement that is an 'insured contract.'"

31. Pursuant to the Packing Agreement, Sweet Solutions is legally obligated to indemnify Golden Select for costs incurred in defending any and all claims arising out of Sweet Solutions' conduct.

32. EMPWR asserted a claim against Golden Select for the damage to its nutrition bars arising out of its use of the caramel that became contaminated with plastic during Sweet Solutions' manufacturing process.

33. The Claim falls within the coverage of the Policy.

34. On August 21, 2024, Golden Select timely tendered the Claim to Erie Insurance.

35. Erie Insurance denied the Claim under the Food Contamination provision and the Business Property provision in a letter dated November 8, 2024.

36. The Commercial General Liability Coverage provision is separate and distinct from the coverage afforded by the Food Contamination provision and the Business Property provision.

37. Golden Select performed all of its obligations under the Policy in connection with the Claim.

38. Erie Insurance breached Golden Select's rights under the Policy when it denied the Claim.

6

WHEREFORE, Golden Select respectfully requests that judgment be entered in its favor and against Erie Insurance for the damages that it proves at trial, prejudgment interest, and for such further relief as this Court deems just.

## COUNT II

39. Golden Select repeats and realleges the allegations in paragraphs 1 through 28 as the allegations of this paragraph 38.

40. The Claim falls within the coverage of the Policy.

41. Golden Select provided timely notice to Erie Insurance of the Claim.

42. Erie Insurance failed to take a coverage position with respect to Golden Select's demand for coverage under the Commercial General Liability provision although it has had notice of the Claim. Instead, Erie Insurance ignored the Claim.

43. Golden Select provided all of the information that Erie Insurance asserted was required to evaluate coverage for the Claim.

44. Erie Insurance engaged in dilatory tactics to avoid its obligations under the Policy.

45. The actions of Erie Insurance with respect to the Claim prejudiced Golden Select.

46. Erie Insurance's repeated failure to consider and provide coverage of the Claim under the Commercial General Liability provision, despite its repeated acknowledgment of the Claim as a liability claim, establishes a pattern and practice of unreasonable claims handling and is unreasonable and vexatious within the meaning of 215 ILCS 5/155 and constitutes bad faith.

WHEREFORE, Golden Select respectfully requests that judgment be entered in its favor and against Erie Insurance and award it the statutory damages available pursuant to 215 ILCS 5/155 as well as its attorneys' fees and costs incurred in the prosecution of this claim, and for such other relief as this Court deems just.

JURY DEMANDED

Dated: April 7, 2026

Respectfully submitted,

JER CREATIVE FOOD CONCEPTS, INC. d/b/a GOLDEN SELECT FOODS COMPANY

By: /s/ David B. Goodman
One of its attorneys

David B. Goodman – dg@glgchicago.com
   ARDC #6201242
Kalli K. Nies – kn@glgchicago.com
   ARDC #6318089
Michael J. Hutcherson – mh@glgchicago.com
   ARDC #6350417
Goodman Law Group | Chicago
20 North Clark Street, Suite 3300
Chicago, Illinois 60602
Tel: (312) 626-1888